No. 18,580.

M. A. Hutterer, *Appellee*, v. John K. Byler, *Appellant*, and R. S. Cone et al., *Appellees*.

SYLLABUS BY THE COURT.

Action—*For Fraud in Obtaining a Deed—Fraud Not Proven.* In an action to recover damages against a party for wrongfully depriving an owner of his land, by obtaining a deed thereto from a former owner and also a judgment quieting his title to the land as against the real owner, and by subsequently conveying the land to an innocent purchaser, judgment was rendered against such party for the value of the land, but an attorney who represented him in the litigation and was made a party defendant in the action was held not to be guilty of fraud which would render him liable for damages. *Held*, upon an appeal from a finding and judgment in favor of the attorney, that there is evidence to support the finding.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed February 6, 1915. Affirmed.

*Fred J. Evans*, of Garden City, for the appellant.

*Albert Watkins, Arthur C. Scates*, both of Dodge City, *William Easton Hutchison*, and *C. E. Vance*, both of Garden City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by M. A. Hutterer against John K. Byler to quiet the title to a quarter section of land in Finney county. Byler answered, and upon his application R. S. Cone, F. M. Johnson and George W. Finnup were made parties defendant. With his answer he filed a cross-petition alleging ownership of the land in himself and that the land had been formerly owned by R. W. Mitchell, but that as Mitchell had failed to pay the taxes on the land it was legally sold for taxes and a tax deed issued in 1899 to C. T. Vinson. Subsequently Vinson conveyed the

land to the Vinson Land Company which on September
1, 1900, obtained a judgment in the district court quiet-
ing its title to the land as against Mitchell, and later,
through a regular chain of conveyances, the property
was deeded to Byler. He further alleged that although
Mitchell had no title or interest in the land he executed
a deed to the same to M. A. Hutterer on May 10, 1907,
who well knew that a complete title to the land was
vested in Byler; that Hutterer, Cone and Johnson con-
ceived and carried out a plan to bring an action and
obtain a judgment by default against Byler, who was
a nonresident of the state, counting on the probability
that constructive notice of the action would not reach
him, and that upon the rendition of the judgment they
would convey the land to an innocent purchaser. It
was also alleged that notice of the proceeding was not
brought to Byler, that a fraudulent judgment in favor
of Hutterer was obtained and the plan carried out by
a conveyance of the land to one who transferred it to
F. M. Johnson, who in turn sold it to George W. Finnup,
who it appears was an innocent purchaser and ac-
quired a valid title to the property. Byler asked to
have his title quieted against all of the parties named,
and he also asked for judgment against Hutterer,
Cone and Johnson for the value of the land in case
it should be found that Finnup had innocently pur-
chased the land and acquired a valid title thereto. On
a trial the court found generally for Blyer as against
Hutterer, and also found generally in favor of R. S.
Cone. It was specifically found that prior to May 29,
1909, Byler had a good title to the land and that
Hutterer had no interest in it, that the judgment
rendered quieting the title to the land in him had been
made the basis for the conveyance of the land to
Finnup by which a valid title was vested in Finnup,
and that therefore Hutterer became liable to Byler
for the value of the land at the time of the convey-
ance, which was found to be $1200, and for that

9—94 KAN.

amount judgment was rendered against Hutterer. It was further found that the evidence did not establish a liability against Cone, and judgment was given in his favor. Byler appeals, and his main contention is that judgment should have been rendered against Cone as well as Hutterer.

Hutterer having no interest in the Byler land and having procured it to be transferred beyond the reach of its owner became liable for its value. Byler held under a tax deed only, but the title had been cured and confirmed by a judgment, the result of which left no interest in the holder of the patent title. Hutterer procured a deed to the land, and employed Mr. Rader, an attorney of Kansas City, to help him secure it on the basis that Rader would pay the costs of the litigation and in case he was successful should receive one-half of the tract. The attorney wrote to Cone, sending him an abstract of title and stating that if he was not the representative of any of the other parties in interest, to make an examination of the title, and if he thought there was a chance of success to institute an action to recover the land or to quiet the title thereto, and that if they were successful Cone would receive one-half of the compensation received by Rader. Cone made some investigation of the matter and then informed Rader that he thought there was a defect in the tax title, and he also spoke of an abortive action that had been begun to quiet the title to the land as against Mitchell, but it seems that the subsequent one, which was effectual was not brought to his attention. He agreed to help Rader, and subsequently the suit suggested by Rader was commenced. No transfer of the land or any part of it to Cone was attempted or made, and the agreement of Rader to give him a share of the land if they succeeded in recovering it was not an enforceable one. Cone was employed as an attorney by Hutterer's attorney and accepted the employment, his compensation to depend

on the contingency of success in the proposed litigation.

It is contended, however, that Cone knew that Mitchell had no title to the land when the conveyance to Hutterer was made, that he fraudulently joined with Hutterer in the wrong which deprived Byler of his land, and therefore he too was liable for the value of the land. Whether he knew the condition of the title or joined in the fraudulent scheme with Hutterer which would make him liable was a question of fact for the trial court. As to Cone's knowledge of the title, it appears that the abstract presented to him when he was employed did not show the judgment that had been rendered confirming Byler's title under the tax deed. There was oral testimony to the effect that he did not actually learn of that action until after the judgment had been entered and the conveyance of the land executed. Until the contrary is shown he is deemed to have acted in good faith. He knew, of course, of the tax deed, but the validity of such deeds is frequently contested in good faith, and whether this one was regular and valid appears to have been questioned; at least the holder seemed to think a judgment quieting his title against Mitchell, the holder of the patent title, was necessary to its completeness. It is true there is testimony and correspondence which tends to support the claim of the appellant, but, on the other hand, there is oral testimony explaining the letters, and some which tends to show that Cone acted in good faith as an attorney of the plaintiff in the case; and the question being one of fact depending on conflicting evidence, the decision of the trial court that Cone was not guilty of fraud which would render him liable must be taken as the final determination of the question.

The judgment of the district court is affirmed.

MASON, J., not sitting.